E-FILED
Wednesday, 18 November, 2020 01:20:24 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LOGAN DYJAK,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 20-3159-JBM** |
| | ) | |
| **DANA WILKERSON, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MERIT REVIEW

Plaintiff Logan Dyjak, a detainee in the custody of the Illinois Department of Human Services ("IDHS") at the McFarland Mental Health Center ("McFarland"), has filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff is in IDHS custody after having been adjudicated not guilty by reason of insanity ("NGRI") on charges not otherwise disclosed. As a result of his NGRI status, Plaintiff is considered a detainee rather than a prisoner. *See Dyjak v. Harper*, No. 18- 01011. *See also Banks v. Thomas*, No. 11-301, 2011 WL 1750065 (collecting cases) (persons adjudicated NGRI are not prisoners under § 1915).

Plaintiff has filed a lengthy, scattershot complaint 74-pages and 215 paragraphs in length. Plaintiff alleges a host of constitutional violations, naming 17 McFarland staff members, for events which occurred between October 2018 through June 2020. Plaintiff seeks declaratory and injunctive relief as well as money damages.

Plaintiff has also filed a motion to proceed *in forma pauperis* ("IFP"), claiming indigency. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in

forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## MATERIAL FACTS

Plaintiff was transferred to McFarland on August 21, 2018 and, on October 31, 2018, underwent an in-house transfer from the co-ed housing he enjoyed with a female friend to the sex offender unit. Plaintiff does not reveal the nature of the criminal offense with which he was originally charged and does not indicate whether it was a sex crime. He claims, however, that the transfer was involuntary and done in retaliation for his advocacy on behalf of other detainees. Plaintiff explains that it was his practice to counsel and educate others, putting them in contact with the Human Rights Commission and  generally advocating "to ensure that the facilities where they are receiving treatment comply with various state laws, and administrative guidelines." [ECF 1 at 13]. He also alleges that he would counsel and pray with detainees who were upset, even though staff had ordered that he desist.

Plaintiff also alleges that the transfer to the sex offender unit violated due process as he was not told the factual basis for the transfer and it was based on unidentified false statements.

2

Plaintiff claims that the conditions in the sex offender unit are more restrictive and that the unit is not "reintegration oriented." Plaintiff alleges that on February 27, 2019, he was battered when someone, identity and status not pled, tried to rob him.

In addition to the claims regarding the in-house transfer, Plaintiff pleads a host of other infractions which occurred over a period of 1 ½ years. Plaintiff claims that he has been prohibited from engaging in consensual, non-sexual contact with others. He claims that his First Amendment rights have been violated as he and other detainees are not allowed to speak from the hours of 10:30 PM until 7:00 AM. He claims a lack of proper mental health treatment, that his property has been confiscated, that he has been refused a kosher diet, that his diet is generally inadequate, that in January 2019 and April 2020, he was restricted to his room, that he has had to attend commitment hearings unsupervised, that false allegations have been leveled against him, that his grievances have not been properly addressed, and that the drinking water is yellow due to rusty pipes. Plaintiff alleges a myriad of other violations not particularly grounded in constitutional rights such as Defendants' lack of professional judgment, bodily movement restrictions, "Fourteenth Amendment punitive interests," "Fourteenth Amendment improper treatment," that he has not been allowed the use of recording devices to collect evidence, and that he suffered severe psychological and emotional distress when staff moved his female friend from his room. Plaintiff complains that these various infractions have forced him to spend hundreds of hours of his leisure time writing grievances.

## ANALYSIS

Plaintiff asserts that his transfer to the sex offender unit violated his rights to due process and was done in retaliation for his advocacy on behalf of others. As to the due process claim, the Fourteenth Amendment prohibits the deprivation of liberty or property without due process of

3

law. *Maust v. Headley*, 959 F.2d 644 (7th Cir. 1992). If a cognizable liberty or property interest is involved, constitutional due process must be provided before those interests are restrained. *Maust*, 959 F.2d at 647. Plaintiff fails, however, to plead a cognizable liberty or property interest in remaining in the co-ed housing unit, as opposed to the sex offender unit. The courts have found that a detainee in IDHS custody does not have a constitutional right to the housing of his choice. *Smego v. Weitl*, No. 13-3068, 2016 WL 10934368, at *7 (C.D. Ill. Dec. 6, 2016), *aff'd sub nom. Smego v. Jumper*, 707 Fed. Appx. 411 (7th Cir. 2017) (civil detainee does not have a right to "a roommate of his own choosing.") While Plaintiff claims that the sex offender unit is more restrictive, he fails to plead that these conditions amount to an 'atypical and significant hardship' relative to others similarly sentenced." *Lieberman v. Budz*, No. 03-2009, 2009 WL 1437609, at *10 (N.D. Ill. May 20, 2009) (internal citations omitted).

As for the retaliatory transfer, Plaintiff asserts only that he underwent an in-house transfer and that this was done in retaliation for his advocacy on behalf of others. To successfully plead such a claim Plaintiff must allege that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Here, it is not clear that Plaintiff's efforts to counsel and educate other detainees amounted to a constitutional exercise. *See Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) (grievance filing is protected First Amendment activity while mere complaints and threats to file grievances are not).

Even if it were otherwise, Plaintiff fails to successfully plead that his advocacy for others was a motivating factor in Defendants' actions. Plaintiff was placed in the the sex offender unit

4

within two months of his transfer to McFarland and does not claim that his advocacy predated this placement, or that the Defendants were aware of it prior to the placement. *See Bramlett v. Isaacs*, No. 13-1177, 2013 WL 6511720, at *5 (S.D. Ill. Dec. 12, 2013) (plaintiff must allege a chronology of events from which retaliation may plausibly be inferred).

Plaintiff's numerous other claims, arising at different points over a 1 ½ year period, and naming unrelated Defendants, are not properly pled in one complaint. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). "Again, defendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law." *Ghashiyah v. Frank*, No. 05-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008).

Plaintiff's complaint is DISMISSED with leave to replead. While some of Plaintiff's claims might be viable, many are not, as indicated herein. Furthermore, Plaintiff cannot proceed on unrelated claims against the various Defendants in one global complaint. "The Seventh Circuit has admonished district courts that 'buckshot complaints' that seek to join unrelated claims against multiple defendants belong in different suits and should be rejected 'not only to prevent the sort of morass' produced by multi-claim, multi-defendant suits 'but also to ensure that prisoners pay the required filing fees' under the Prison Litigation Reform Act. *Linton v. Godinez*, No. 16- 00492, 2016 WL 3055264, at *2 (S.D. Ill. May 31, 2016) citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, a "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012).

Plaintiff will be given the opportunity to file an amended complaint consistent with this order. Plaintiff is placed on notice that he is not to join unrelated claims as he must file these separately, with responsibility for the attendant filing fees. In that regard, Fed. R. Civ. P. 10(b) mandates that "a party must state its claims…in numbered paragraphs each limited as far as practicable to a single set of circumstances" and to "…promote clarity…each claim founded in a separate transaction or occurrence… must be stated in a separate count."

**IT IS THEREFORE ORDERED:**

1.    Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead, consistent with the Court's order. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's properly joined claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.    Plaintiff's petition to proceed in forma pauperis [3] and motion for recruitment of pro bono counsel [4] are DENIED with leave to reassert if he files an amended complaint. Plaintiff's motion for status [7] is rendered MOOT by this order.

3.    The Court notes that, when the clerk attempted to obtain Plaintiff's trust fund, ledgers, Candace Feller at McFarland responded that Plaintiff did not have such a fund. Ms. Feller is hereby requested to file an accounting as to any recorded expenditures made by Plaintiff in the last 6 months, whether for toiletries, commissary food items or other, and to indicate by what means such payments were made, within 21 days . A copy of this order is to be sent to Ms. Feller or her designee at the McFarland Business Office.

11/18/2020
ENTERED

s/Joe Billy McDade

JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE